UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JASON LEVINE,

          Plaintiff,

vs.                                                                      Case No. 8:09-cv-854-T-33AEP

WYETH INC., D/B/A WYETH,
individually and as successor-in-interest
to A.H. Robbins, Inc., American Home
Products Corporation and ESI, Lederle, Inc.,
WYETH PHARMACEUTICALS, INC.,
SCHWARZ PHARMA, INC., MCKESSON
CORPORATION, ACTAVIS ELIZABETH,
LLC, AND ACTAVIS, INC., and
INNOVEX, INC.,

          Defendants.
_____/


## ORDER

Before the Court is a Motion to Preclude Expert Testimony filed by Defendants

Actavis Inc.'s and Actavis-Elizabeth, LLC's (collectively "Actavis"). (Dkt. No. 89.) Plaintiff

has not filed a response in opposition to the Motion.

By its Motion, Actavis moves the Court "to preclude any opinion testimony offered by

Plaintiff's non-retained experts—treating physicians—which is outside of the entries in the

medical records." (Dkt. No. 89 at 1.) Actavis received "Plaintiff's Disclosure of Expert

Testimony" (Dkt. No. 89 Ex. B), on or about April 23, 2010. (*Id.* at 2.) That disclosure

identified two retained experts and their opinions, as well as 17 of Plaintiff's healthcare

providers which were listed as "non-retained experts" whom Plaintiff stated may offer

medical opinions on the standard of care, the cause of Plaintiff's alleged injury, and the reasonableness of medical care provided to Plaintiff. (*Id.*) Actavis asserts that it has not received any expert reports from Plaintiff's 17 non-retained experts, and that under Rule 26(a)(2)(B), Plaintiff should be precluded from offering testimony beyond the scope of the medical records and treatment-related observations made by Plaintiff's treating physicians. (*Id.* at 4.)

Where a doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B). *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala. 1996) (*quoting Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995)). However, if a treating physician acquired the opinions that are the subject of the testimony directly through treatment of the plaintiff, the treating physician "'cannot be forced to file a written report required by Rule 26(a)(2)(B).'" *Id.* (*quoting Salas*, 165 F.R.D. at 33). Additionally, because a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient. *Baratta v. City of Largo*, No. 8:01-CV-1894-T-EAJ, 2003 WL 25686843, at *2 (M.D. Fla. Mar. 18, 2003) (*citing Salas*, 165 F.R.D. at 33).

Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of disability, if any, caused by the condition or injury. *Shapardon v. West Beach Estates*, 172 F.R.D. 415, 416-17 (D. Haw. 1997) (stating that "[o]pinions as to th[o]se matters are encompassed in the ordinary care of a

patient and do not subject the treating physician to the report requirement of Rule

26(a)(2)(B)."); *see also Piper v. Harnischfeger Corp.*, 170 F.R.D. 173, 175 (D. Nev. 1997)

(finding no expert report required for opinions on matter such as causation, future treatment,

extent of disability, and the like). However, if a treating physician testifies on information

gathered outside of the course of treatment and the party does not file a Rule 26(a)(2)(B)

report as to that testimony, it may be excluded. *Baratta*, 2003 WL 2568683, at *2.

In this case, Actavis concedes that a doctor may testify about the medical care referred

to in his or her records without a Rule 26 report. (Dkt. No. 89 at 4.) However, Actavis argues

that any testimony by Plaintiff's 17 non-retained experts on standard of care, causation, and

reasonableness of medical care would be beyond the scope of basic medical records and

treatment-related observations. (*Id.*) Although Plaintiff has not filed a response in opposition

to Actavis' Motion, the Court cannot agree with such a broad statement, which would

potentially preclude testimony that might be based on information gathered during the course

of Plaintiff's medical treatment. *See McGuire v. Davis*, 437 F.2d 570, 572-73 (5th Cir. 1971)

(finding objection to doctor's testimony as to causation without merit because "a physician

who has examined an injured party may describe what he has seen and give his expert

inferences therefrom"). However, the Court agrees that Plaintiff's treating physicians should

be precluded from giving testimony on issues such as the standard of care, causation, and

reasonableness of medical care, if that testimony is not "sufficiently related" to the

information disclosed during the course of Plaintiff's treatment. *See Brown*, 169 F.R.D. at

388; *Baratta*, 2003 WL 2568683, at *3. As noted by the Court in *Baratta*, "[t]he exact

3

boundaries of [each] treating physician's testimony may need to be addressed with specific

objections to specific testimony in the context of trial." *Baratta*, 2003 WL 2568683, at *3

(*citing Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 876 (N.D. Ill. 2001)).

Therefore, upon due consideration, it is **ORDERED, ADJUDGED and DECREED:**

Actavis' Motion to Preclude Expert Testimony (Dkt. No. 89) is **DENIED WITHOUT**

**PREJUDICE**.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of June, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

Counsel of Record